IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YRIS OLVERA, MARSHA OLVERA, JAVIER E. OLVERA, JUAN MANUEL OLVERA, wife and children of decedent JUAN OLVERA,<br><br>            Plaintiffs,<br><br>    v.<br><br>KAWEAH DELTA DISTRICT HOSPITAL, KAWEAH DELTA HEALTH CARE DISTRICT, California corporations; JOSE L. CAMPOS, M.D.; WEI-TZUOH CHEN, M.D. and DOES 1 to 50,<br><br>            Defendants. | CV F 08-1803 AWI DLB<br><br>ORDER SUBSTITUTING UNITED STATES FOR DEFENDANT CAMPOS, AND GRANTING UNITED STATES' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(1)<br><br>Doc. # 3 |

   This is an action for wrongful death by the survivors of decedent, Juan Olvera, ("Plaintiffs") against defendants Kaweah Delta District Hospital and Health Care District and individual defendants Jose Campos, M.D. and Wei-Tzuoh Chen, M.D. (Collectively, "Defendants"). The action was removed to this court by the United States pursuant to their determination that individual defendant Jose Campos, M.D. ("Campos") was at all times pertinent to this action an employee of a federally-funded healthcare facility within the meaning of the Federally Supported Health Centers Assistance Act. United States contends Campos, as an employee of a federally-funded healthcare facility, is personally immune from

suit and that United States is the proper party defendant for purposes of claims against Campos pursuant to the terms of the Westfall Act and the Federal Tort Claims Act ("FTCA").  In the instant motion, United States seeks to dismiss the complaint in its entirety as to Campos on the ground United States is the proper party defendant, and also as to United States on the ground the court lacks subject matter jurisdiction because Plaintiffs failed to bring or exhaust an administrative tort claim as required by the FTCA.  For the reasons that follow, the court will grant the substitution and will dismiss the complaint as to defendant United States with leave to amend.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The complaint in this action was filed originally in Tulare County Superior court on July 18, 2008.  The action was removed to this court on November 24, 2008.  Exhibit "B" to Defendants' notice of removal is a "Certificate of Scope of Employment" pursuant to the Westfall Act, 28 U.S.C. § 2679(d) (hereinafter, the "Certificate").  That Certificate provides, in pertinent part:

> [o]n the basis of the information now available with respect to the incidents referred to in [P]laintiff's claims, defendant Jose L. Campos, M.D., was acting within the scope of his employment at Family Healthcare Network at all times relevant to them.  Family Healthcare Network is a federally-funded healthcare facility, a grantee of the United States Department of Health & Human Services, and covered under the Federal Tort Claims Act by operation of the Federally Supported Health Centers Assistance Act.

Doc. # 1 at 13:4 - 13:12.

The complaint generally alleges negligent hiring, training, credentialing, and supervision of medical professional personnel and alleges negligent provision of care with regard to decedent, ultimately resulting in decedent's death.  The complaint makes no distinctions as to the roles of the various defendants in the events leading up to Decedent's death. In other words, the complaint alleges that all defendants, including Campos, were responsible for negligent training, credentialing, and supervision, and alleges that the same defendants, again including Campos, provided negligent care proximately causing decedent's

2

death.

The instant motion to dismiss was filed by United States on December 3, 2008. Plaintiffs filed their opposition on December 22, 2008. On December 23, 2008, Plaintiffs filed a motion to remand and subsequently filed a request to continue the motion to remand. The hearing date on United States' motion to dismiss Campos was vacated and the matter was taken under submission as of January 5, 2009. The court's docket does not currently reflect that United States has filed any reply to Plaintiffs' opposition or any response to the motion to remand. The court's docket indicates Plaintiffs' motion to remand is currently pending before the Magistrate Judge.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence

extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

## DISCUSSION

The legal regime that underpins United States' motion to dismiss is well settled and not disputed by the parties.  Pursuant to 42 U.S.C. § 254(b), actions for medical malpractice against  federally-funded healthcare clinics and the employees and officers of such clinics are limited by the terms of 42 U.S.C. § 233(a).  Pursuant to section 233(a), the sole remedy against an officer or employee of the federally-funded healthcare clinic for damages resulting from the performance of medical care within the scope of his or her employment by is by way of the FTCA.

> The FTCA permits suits against the United States for injuries caused within a government employee's scope of employment.  See 28 U.S.C. § 1346(b)(1).  The Westfall Act amended the FTCA to provide that if the Attorney General certifies that a federal government employee was acting within the scope of employment when the tort occurred, then the United States shall be substituted as the defendant in a tort suit against the employee.  28 U.S.C. § 2679(d).  Upon certification, the government employee is dismissed from the suit, and is immune from other civil actions arising from the alleged tort 28 U.S.C. § 2679(b)(1).

Kashin v. Kent, 457 F.3d 1033, 1036-1037 (9th Cir. 2006).

"[T]he U.S. Attorney's certification is considered prima facie evidence that a federal employee was acting within the scope of employment at the time of the [facts giving rise to the claim]."  Clamor v. United States, 240 F.3d 1215, 1219 (9th Cir. 2001).  The U.S. Attorney's certification is amenable to challenge in a district court.  DeMartinez v. Lamagno, 515 U.S. 417, 431(1995).  A district court reviewing the U.S. Attorney's grant of certification applies *de novo* review.  Grantham v. Durant, 471 F.Supp.2d 1069, 1074 (D.Nev. 2006).

However, "the party seeking review bears the burden of refuting certification by a preponderance of the evidence." Clamor, 240 F.3d at 1219.

Plaintiffs' sole contention in opposition to United States' motion is that the declaration of Meredith Torres, which was submitted in support of United States' motion to dismiss, is not sufficient to make the required showing that Campos was an employee of the United States providing medical care within the scope of his employment during the time of Campos' participation in the events giving rise to this action.  Plaintiffs' argument fails because the document that is determinative of Campos' status is not the declaration of Meredith Torres, it is the Certificate that was submitted as Exhibit "B" to United States' notice of removal.  Doc. # 1.

Normally, a district court reviews the U.S. Attorney's grant of certification by determining if the "employee was acting within the scope of employment at the time of the allegedly tortious act" as determined by the "'law of the place where the act or omission occurred.' [Citation.]" Kashin, 457 F.3d at 1037.  The applicable law is "the respondeat superior law of the state in which the alleged tort occurred." Id.  Here, the court has no occasion to examine Campos' activities in light of California's laws governing respondeat superior because those activities have not been specifically alleged and because Plaintiffs' argument is focused instead on the sufficiency of United States' certification that Campos was operating within the scope of his employment with Family Healthcare Network.

The Westfall Act requires that the Attorney General or his designee certify that "the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . ." 28 U.S.C. § 2678(d)(1).  In the portion of the Certificate quoted above, the Attorney General's designee certified that "with respect to the incidents referred to in [P]laintiff's claims, defendant Jose L. Campos, M.D., was acting within the scope of his employment at Family Healthcare Network at all times relevant to them."  The court finds this language substantially comports with the requirement of section

5

2678(d)(1).  See Martinez, 515 U.S. at 421 n.2 (noting the adequacy of a certification of scope of employment using language substantially the same as that set forth in the Certificate).  Consequently, the court concludes United States has produced evidence sufficient to make a *prima facie* showing that Campos was acting within the scope of his employment as an employee of a federally-funded healthcare clinic and is therefore personally immune from suit in this action pursuant to the Westfall Act.

To the extent the court could construe Plaintiffs' opposition to United States' motion as a more generalized challenge to the Attorney General's Certificate of Scope of Employment, the court finds that the ambiguous and highly generalized nature of the claims set forth in the complaint prevent any alternative analysis of Campos's status.  It is not possible to tell from the complaint if, for example, Campos was acting as Decedent's attending physician, whether he was a consulting physician, or whether he supervised or had a role in somehow assuring the quality of patient care of other physicians or medical personnel, or some combination of any or all of these.  Plaintiffs have the burden at this point to *affirmatively* show that Campos was not working within the scope of his employment with Family Healthcare Network when the events giving rise to this action occurred.  In order to carry their burden, it is not sufficient that Plaintiffs merely point out that the wording of the Certificate does not preclude all possibility that Campos *might* have been working outside the scope of his employment.

The court concludes that the Certificate adequately sets forth Campos' status as an employee of Family Healthcare Network.  Pursuant to the Westfall Act, United States is therefore the proper party defendant with respect to Plaintiffs' claims against Campos. Substitution of United States for Campos is proper.

Plaintiffs do not dispute that, where there is an action for malpractice involving a federally-funded healthcare entity or its employees, the employee or federally-funded healthcare entity may only be sued under the terms of the FTCA.  42 U.S.C. § 233(a).  There

is also no dispute that district courts lack subject matter jurisdiction where an administrative claim pursuant to the FTCA has not been filed and the administrative claim process exhausted.  <u>Brady v. United States</u>, 211 F.3d 499, 502 (9th Cir. 2001).  Since Plaintiffs admit that they have not filed or exhausted an administrative claim pursuant to the FTCA, the court must conclude it lacks subject matter jurisdiction as to Plaintiffs' claims against United States.  Dismissal of United States pursuant to Rule 12(b)(1) is therefore proper.  Leave to amend the complaint will be granted.

        The court notes that a motion to remand is currently pending before the Magistrate Judge and there is also a request to continue the motion to remand currently pending.  The court, through this order, makes no determination as to the motion to remand or the request to continue.

        THEREFORE, in consideration of the foregoing discussion it is hereby ordered that:

1. United States is hereby SUBSTITUTED for defendant Campos.
2. The complaint is hereby DISMISSED in its entirety as to defendant United States only.
3. Leave to amend the complaint is granted.  Any amended complaint shall be filed and served not later that twenty-one (21) days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 16, 2009**          **/s/ Anthony W. Ishii**
                                                       CHIEF UNITED STATES DISTRICT JUDGE