# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YRIS OLVERA, MARSHA OLVERA, JAVIER E. OLVERA, JUAN MANUEL OLVERA, wife and children of decedent JUAN OLVERA,<br><br>Plaintiffs,<br><br>v.<br><br>KAWEAH DELTA DISTRICT HOSPITAL, et al.<br><br>Defendants. | 1:08cv01803 AWI DLB<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND<br>(Document 11) |

On December 23, 2008, Plaintiffs Yris Olvera, Marsha Olvera, Javier E. Olvera and Juan Manuel Olvera, wife and children of Decedent Juan Olvera ("Plaintiffs") filed the instant motion to remand this action to the Tulare County Superior Court. The motion was heard before the Honorable Dennis L. Beck, United States Magistrate Judge, on February 6, 2009. Benjamin Fogel appeared telephonically on behalf of Plaintiffs. Travis Stokes appeared on behalf of Defendant Wei-Tzuoh Chen, M.D. Defendants Kaweah Delta District Hospital and Kaweah Health Care District did not appear.

## PROCEDURAL BACKGROUND

Plaintiffs filed an action in Tulare County Superior Court against Kaweah Delta District Hospital, Kaweah Delta Health Care District, Jose L. Campos, M.D., Wei-Tzuoh Chen, M.D., and Does 1 to 50 ("Defendants"), on or about July 18, 2008. The complaint generally alleges

negligent hiring, training, credentialing and supervision of medical professional personnel and alleges negligent provision of care with regard to the decedent, ultimately resulting in the decedent's death.

The action was removed to this court on November 24, 2008, by the United States of America ("United States") pursuant to their determination that Defendant Jose L. Campos, M.D., ("Campos") was an employee of a federally-funded healthcare facility within the meaning of the Federally Supported Health Centers Assistance Act.  In support of removal, the United States filed a "Certificate of Scope of Employment" pursuant to the Westfall Act.  The United States contended that Campos, as an employee of a federally-funded healthcare facility, was personally immune from suit and that the United States was the proper party defendant.

On December 3, 2008, the United States filed a motion to dismiss on the ground that the court lacked subject matter jurisdiction as to the United States because Plaintiffs failed to bring or exhaust an administrative tort claim as required by the Federal Tort Claims Act.

On December 23, 2008, Plaintiffs filed the instant motion to remand.  Plaintiffs opposed removal on the ground that their state court action was not pre-empted by the Federal Tort Claims Act.  Plaintiffs argued that the Certificate of Scope of Employment failed to establish that Campos was an employee of the United States and was providing medical care within the course of said employment.  On December 31, 2008, Plaintiffs filed an amended motion to remand. Plaintiffs also filed a request to continue the motion to remand.

On January 20, 2009, the court issued an order on the United States' motion to dismiss. The order substituted the United States for defendant Campos and dismissed Plaintiffs' complaint in its entirety as to Defendant United States.  Plaintiffs were granted leave to amend the complaint within 21 days from service of the order.  The court declined to make a determination as to the motion to remand.

Based on the dismissal order, Defendant United States did not file an opposition to the motion to remand, but indicated it would do so if requested by the Court.

On January 22, 2009, Plaintiffs filed an "Amendment to Plaintiffs' Notice of Motion and Motion to Remand." (Doc. 13). Plaintiffs now assert that there is no longer any federal jurisdiction and there is no federal employee in the instant action based on the January 20, 2009, dismissal order. Plaintiffs request that the Court remand the case to state court.

The remaining defendants to this action, Kaweah Delta District Hospital, Kaweah Delta Health Care District and Wei-Tzuoh Chen, M.D., have not filed an opposition to the remand motion. Kaweah Delta District Hospital and Kaweah Health Care District have not made an appearance in this Court. Plaintiffs filed proofs of service indicating that legal counsel for Kaweah and for Dr. Chen were served with copies of both the original motion to remand and the amended motion.

**DISCUSSION**

A.   Remand of Claims

Plaintiffs request that the court remand this action back to the state court in which it originated. In their amended motion, Plaintiffs contend there is no longer "federal jurisdiction" based on the dismissal of the complaint against the United States. Plaintiffs do not provide any briefing in support of their contention. However, the court construes Plaintiffs' motion as a request for the court to decline to exercise supplemental jurisdiction over the remaining claims and remand this action back to the state court. Defendants have not filed an opposition to the request for remand.

Pursuant to 28 U.S.C. § 1367, district courts may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 provides in relevant part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
>
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction....

If the court has dismissed the claims over which it has original jurisdiction, then it satisfies the condition set forth in 28 U.S.C. § 1367(c)(3). Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Pursuant to the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the court dismissed the claims involving the United States based on the Federal Tort Claims Act. The remaining complaint generally alleges medical malpractice along with negligent hiring, training, credentialing and supervision of medical professional personnel. It does not allege a violation of the U.S. Constitution or laws or treaties of the United States. Although the court granted Plaintiffs leave to file an amended complaint, they do not intend to amend at this time. At oral argument, counsel for Plaintiffs indicated that they cannot amend within the time frame provided by the court. Plaintiffs request that the matter be remanded to state court to permit further discovery and to allow them to determine whether to amend their complaint in state court. Accordingly, as the court dismissed all claims over which it has original jurisdiction and there is no other basis for federal jurisdiction, the condition set forth in 28 U.S.C. § 1367(c) is satisfied.[1]

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997) (internal quotations omitted); *see also Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1143 n. 7 (9th Cir. 2003) (court did not abuse its discretion by declining to exercise supplemental jurisdiction over the remaining state law claims).

In determining whether to remand, a court considers the values of economy, convenience, fairness and comity. *Acri,* 114 F.3d at 1001; *see also Bader v. Electronics for Imaging, Inc.,* 195 F.R.D. 659, 662 (N.D.Cal. 2000) ("while a change from federal to state court might create a tactical disadvantage to defendants, that is not legal prejudice") (referencing *Hamilton v.*

---

[1] The complaint also does not allege diversity of citizenship. 28 U.S.C. § 1332.

*Firestone Tire & Rubber Co.,* 679 F.2d 143 (9th Cir. 1982)).  Here, the claim was filed originally in state court, no discovery has taken place, the court only has considered the motion to dismiss and the instant motion for remand and the case is at an early stage of litigation.

Based on the foregoing, the court ORDERS that Plaintiffs' motion to remand be GRANTED and this action be REMANDED to the Tulare County Superior Court.

IT IS SO ORDERED.

Dated:   **February 13, 2009**              /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE